## N. M. AYCOCK v. GEORGE WILLIAMS.

On a motion to dismiss a *certiorari,* the Court will look to the proceedings of the Justice's Court as they appear in the return ; and, to sustain the *certiorari* at least, to affidavits filed in support of the motion.

It would seem that a judgment in favor of the defendant for the costs of the suit, is a sufficient final judgment in a Justice's Court.

Where a Justice of the Peace grants a new trial, without notice to the adverse party, of the application therefor, and the adverse party does not appear at the second trial, he may enjoin the collection of the judgment rendered at the second trial, or he may remove the cause to the District Court by *certiorari ;* and in the latter event, it would seem the District Court would not merely

Aycock v. Williams.

set aside the proceedings subsequent to the first judgment, but would try the cause anew on the merits.

Where the petition for *certiorari* alleged that after judgment in favor of petitioner, on application of the adverse party a new trial was granted him by the Justice of the Peace, of which petitioner received no legal notice ; and the entry in the Justice's docket showed that judgment was rendered for petitioner on the 3rd of May, and that on the 9th the adverse party " filed his affidavit for a new trial in this case, which is granted ;" and there was an affidavit of the Justice on file that he granted the new trial upon proper showing, and on or about the 19th of May, gave petitioner verbal notice that he had granted a new trial ; a motion to dismiss the *certiorari* was overruled, whether on the ground that it affirmatively appeared that the petitioner had not notice of the application for new trial, or on the ground that it should affirmatively appear that he had such notice is not entirely clear.

Ordinarily, it is true, a petition for *certiorari* must show merits. It should always do so, where the Justice had jurisdiction to render the judgment which he has rendered, and has only committed errors and irregularities in his proceedings not affecting the merits and justice of the case. But a party is not obliged to show merits in order to be relieved against a void judgment.

Appeal from Brazoria. Tried below before the Hon. James H. Bell.

The transcript from the docket of the Justice of the Peace, after stating the commencement of the suit and the service of the citation, read as follows :

May 3, 1856. This case came up for trial, and, after hearing the testimony, the parties being present, it is decided that the defendant have a judgment for the costs of the suit.

On the 9th day of May, 1857, the plaintiff, N. M. Aycock, filed his affidavit, praying for a new trial in the case, which is granted.

June 7, 1856. This day this cause came up for trial, and being submitted to a jury at the instance of the plaintiff, a verdict is rendered for the plaintiff for sixty dollars and ten cents and costs of suit.

·  The affidavit of the Justice of the Peace, referred to in the Opinion, was as follows : N. M. Aycock v. George Williams :

Before me, B. C. Jones, Clerk of the District Court in and for the county of Brazoria, personally appeared Lucien B. Grissom, who, being by me duly sworn, deposed and said that this affiant is and was a Justice of the Peace for precinct, No.——in said county, and that the case of N. M. Aycock v. George Williams was tried before this affiant as Justice as aforesaid ; that judgment was given against the plaintiff for costs ; that, upon proper showing by the plaintiff, this affiant, as Justice as aforesaid, granted said plaintiff a new trial in said case ; and this affiant further says that he gave the defendant, George Williams, a verbal notice on or about the 19th day of May, 1856 ; that he had granted said plaintiff a new trial in said cause ; said notice was given some time before Court.

It was filed the day after the motion to dismiss ; by whom filed did not appear, except from its tenor. It was not referred to in the motion to dismiss.

The averment in the petition for *certiorari* was as follows : That upon the application of the said N. M. Aycock, a new trial was granted him, by the said S. B. Grissom, the Justice aforesaid, of which your petitioner received no legal notice, and consequently did not attend the trial when it again came on.

*Wharton & Terry,* for appellant, relied on the failure of the petition for *certiorari* to disclose merits, and referred to Criswell v. Richter, 13 Tex. R, 18 ; Hope v. Alley, 11 Id. 260 ; also, that if defendants received any notice, it was legal notice. (Hart. Dig. Art. 1734.)

WHEELER, J. The petition was filed by the defendant in a judgment rendered by a Justice of the Peace. The petition alleges that upon a trial before the Justice, judgment was rendered for the defendant ; that, upon application of the plaintiff, the Justice afterwards granted a new trial, and gave judg-

ment against the defendant; and that the defendant had no legal notice of the granting of the new trial, and consequently did not attend the last trial. It appears by the return to the *certiorari*, that the first trial was had before the Justice on the 3d of May; and the new trial was granted on the ninth. It does not appear that the defendant had notice of the application. There is, in the record, an affidavit of the Justice, in which he states that he gave the defendant a verbal notice on or about the 19th of May. The plaintiff below (defendant in the *certiorari*) moved to dismiss the *certiorari*, which motion the Court overruled; and the plaintiff declining to proceed further, the Court gave judgment against him, from which he appealed.

On a motion to dismiss a *certiorari*, the Court may look to the return. (Kirk v. Graham, 14 Tex. R. 316, and see cases not yet reported.) Looking to the petition and return to the *certiorari*, and the affidavit of the Justice, which were before the Court when the motion to dismiss was considered, it clearly appears that the new trial was applied for and granted several days after the day on which the judgment was rendered, and without notice to the defendant. The Statute provides that the Justice may grant a new trial for good cause shown, supported by affidavit, at any time within ten days after the rendition of judgment; and that "one day's notice of the application shall be given to the opposite party, his agent or attorney." (Hart. Dig. Art. 1734.) After the rendition of final judgment by the Justice, his power and jurisdiction over the cause and the parties ceased. He could only re-acquire jurisdiction to re-examine the case upon application for a new trial; and upon this application notice to the adverse party was necessary to give jurisdiction of his person. The notice was not given, and the Court consequently had not jurisdiction to grant the new trial, or take further action in the case. The only notice which was given was after the new trial had been granted. But the Statute requires notice to be given of

the application.   The judgment, having been rendered when the Justice had not jurisdiction, was void.   The only question, therefore, is whether the defendant should have proceeded by injunction, on account of the nullity of the judgment, to enjoin its collection ; or may have a *certiorari* to bring the case into the District Court to have the judgment set aside and the cause tried anew.   That he might have pursued the former remedy is clear.   But if he sees proper to adopt the latter, it is not perceived that there can be any solid objection to it.   It is a more convenient remedy, as being, in general, more to the advantage of the adverse party : who will then have an opportunity of obtaining a valid judgment, if he have a meritorious case.

Ordinarily, it is true, a petition for *certiorari* must show merits.   It should always do so, where the Justice had jurisdiction to render the judgment which he has rendered, and has only committed errors and irregularities in his proceedings, not affecting the merits and justice of the case.   But a party is not obliged to show merits in order to be relieved against a void judgment-   We are of opinion, therefore, that the Court did not err in refusing to dismiss the *certiorari*, and that the judgment be affirmed.

Judgment affirmed.