[16] Since the state can bring a mandamus suit similar in purpose to the one before us, it is elementary that the Attorney General has the power to institute such an action. Queen Ins. Co. v. State (Tex. Civ. App.) 22 S. W. 1048, 1052; State v. Loan & Trust Co., 81 Tex. 530, 551, 17 S. W. 60; Ruling Case Law, vol. 2, pp. 916, 917, 918, 919, 924, 925; 6 Corpus Juris, pp. 809, 810, and volume 38, p. 837; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; State v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L. R. A. (N. S.) 1127, 1132; State v. Ehrlick, 65 W. Va. 700, 64 S. E. 935, 23 L. R. A. (N. S.) 692, 694; Respass v. Boro, 131 Ky. 807, 115 S. W. 1131, 21 L. R. A. (N. S.) 836, 838; 4 Dillon on Municipal Corporations, §§ 1495, 1496, 1527, 1577, 1587. See, also, State v. De Gress, 72 Tex. 242, 11 S. W. 1029.

We shall not at this time determine whether or not the county attorney can, on his accord, institute, in the name of the state, such a suit as the present one. It is certain that, when once lawfully instituted he can, under the express language of the Constitution, represent the state. Const. art. 5, § 21. It is clear, however, that the county attorney can, under the direction of the Attorney General, institute a suit of this character in the name of the state.

Plaintiffs in error present many assignments attacking the validity of various amendments to the charter as adopted. We do not regard the questions raised as involved in this case, and, therefore, do not discuss them. We have intended to determine only the questions actually decided in this opinion.

From what we have said it is apparent that the district court erred, not only in awarding the mandamus, but in permitting the defendant in error to maintain this suit; and that the Court of Civil Appeals likewise erred as pointed out in the opinion. In view of the conclusions reached, the judgments of the Court of Civil Appeals and district court must be reversed and the suit dismissed, and it is so ordered.

---

**W. D. YETT, Mayor, et al. v. Charles B. COOK et al. (No. 4320.)**

(Supreme Court of Texas. Feb. 3, 1926.)

Cofer & Cofer, of Austin, for relators.

Paul D. Page, Jr., J. Harris Gardner, Ireland Graves, and D. K. Woodward, Jr., all of Austin, for respondents.

CURETON, C. J. This case was before us last term on an application for leave to file a petition for mandamus. We permitted the petition to be filed, and now refer to our opinion then rendered for a statement of the case. 268 S. W. 715.

The principal case, W. D. Yett, Mayor, et al. v. Charles B. Cook et al. (No. 4432) 281 S. W. 837, is now before this court, and we have disposed of it by an opinion this day delivered, but not yet officially reported. There no longer exists any reason for considering the above-named application for mandamus, as the rights of the relators in that case have been respected and protected thus far in the litigation, and may be protected by us, if necessary, in the main case this day dismissed.

This case, the mandamus suit, is therefore moot, and is dismissed. The costs, however, will be taxed against the respondent Charles B. Cook.