C. E. FULTON et al., Relators,

v.

Honorable Delos FINCH et al., Respondents.

No. 13707.

Court of Civil Appeals of Texas.

San Antonio.

Aug. 2, 1960.

Rehearing Denied Aug. 31, 1960.

James R. Warncke, San Antonio, for appellant.

Beckmann, Stanard, Wood & Vance, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an original proceeding by Relator C. E. Fulton and others, seeking a writ of mandamus against Respondent Honorable Delos ·Finch, Judge of the 73rd Judicial District Court of Bexar County, Texas, sitting in the 57th Judicial District Court of Bexar County, also naming in their petition Hon. Walter Loughridge, Judge of the 37th Judicial District, Hon. Charles Barrow, Judge of the 45th Judicial District, as presiding Judges of Bexar County, and Margaret Joan Biasiolli as respondents, seeking, among other things, to compel Judge Finch to vacate and hold for naught an order rendered by him setting aside a provision order granting the relators a new trial in Cause No. F–121,917, styled C. E. Fulton et al., v. Margaret Joan Biasiolli, in the 57th District Court, and for further relief against the presiding district Judge of Bexar County in the event such order is set aside.

The facts are that on April 4, 1960, Hon. C. K. Quin, District Judge, 57th Judicial District of Texas, rendered judgment denying C. E. ·Fulton et·al., the principal relief they had sought. Thereafter, Fulton et al., timely filed their motion for a new trial on April 13, 1960, and within twenty days thereafter, with leave of the court, filed their amended motion for a new trial, on April 28, 1960. In the meantime Judge Quin had become ill and Judge Finch assumed the duty of passing upon the motion for new trial. See Rule 18, Texas Rules of Civil Procedure.

Thereafter, on June 9, 1960, Judge Finch entered an order granting the amended motion for a new trial. On June 10, 1960, Respondent Biasiolli filed a motion to set aside this order. On June 12, 1960, the forty-five-day period allowed for acting upon the motion for new trial by Rule 329–b expired. Thereafter, on June 16, 1960, Judge Finch entered an order styled "Order Reinstating Judgment and Setting Aside Order Granting New Trial."

The question here presented is whether the trial court which had granted a new trial on June 9, 1960, forty-two days after the filing of the amended motion for a new trial, may set that order aside after the forty-five-day period had expired on June 16, 1960, and reinstate and amend the original judgment.

On June 16, 1960, when the above action was taken, the thirty-day period during which courts ordinarily have plenary and inherent power over their judgments and orders, had not expired, neither had the term of court ended at which the judgment had been rendered.

The question is whether after Judge Finch granted a motion for a new trial within the forty-five-day period prescribed by Rule 329–b, T.R.C.P., he retained jurisdiction to set aside such order six days later, which was after the forty-five-day period had expired. He undoubtedly retained such jurisdiction. The trial, the judgment, the order granting the new trial, and the order setting aside that order, were all had and rendered at the same term of court of the 57th Judicial District.

From the earliest times in this State, it has been held that a court retains inherent and plenary powers over its judgments, decrees and orders during the term at which they were rendered. In Cohen v. Moore, 101 Tex. 45, 104 S.W. 1053, 1054, the Supreme Court said:

"The power to set aside at the same term, at which they are rendered, its judgments and orders, is one inherent in every court of general juris-

diction, and it is not taken away by the statutory provisions which regulate the subject of new trials and the setting aside of defaults."

In Townes v. Lattimore, 114 Tex. 511, 272 S.W. 435, 436, the Supreme Court said:

"The general rule has always been that the power to set aside at the same term at which they are rendered its judgments and orders is one inherent in every court of general jurisdiction, and is not taken away by statutory provisions which regulate the subject of new trials."

In Gage v. Dallas Power & Light Co., Tex.Civ.App., 241 S.W.2d 196, 197, the Court said:

"Under Rule 5 the trial court had no authority or discretion to extend the time for filing motion for new trial. However this did not in any way affect the trial court's inherent jurisdiction over its own minutes and judgments during the term at which they were rendered * * *."

In St. John v. Archer, 147 S.W.2d 519, this Court, speaking through the present writer, had this to say:

"It is clear that a judge who enters an order or a judgment ordinarily retains jurisdiction over such order or judgment until the end of the term, or until such judgment passes beyond his control by reason of some other provision of the statute and he may change, amend or set aside such an order or judgment without hearing further evidence, and even upon his own motion."

See also, Henderson v. Soash, Tex.Civ.App., 157 S.W.2d 161; McDonald, Texas Civil Practice, Vol. 4, § 1820.

The contention of relators that Judge Finch did not have inherent and plenary power to set aside his order granting a new trial on June 9, 1960, is based upon the provisions of Rule 329–b, T.R.C.P., which provides, among other things, as follows:

"3. All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date.

"4. * * * In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the district judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered before said date.

"5. Judgments in the district court shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. * * *

"6. In district courts having continuous terms, that is, successive terms in a county throughout the year, without more than two days intervening between any such terms, the following rules shall apply: * * *

"(c) Judgments of such courts shall become as final after the expiration of thirty (30) days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired."

The above provisions of Rule 329–b are all that have any relevancy here. It is true that the rule provides that a judgment becomes final thirty days after its date, or thirty days after overruling of a motion for a new trial, and that a motion for new trial or amended motion for new trial is overruled by operation of law forty-five days after it is filed, unless disposed of by an order of the court rendered before said date, or unless the time is extended by written agreement of the parties. Here the motion was determined within the forty-five-day period by an order granting the motion. Thus the judgment did not become final and the motion was not overruled by operation of law. Under the well recognized rule that gives a trial court control over its judgments, orders and the minutes of the court during the term at which they were made, Judge Finch had jurisdiction to set aside the order granting a new trial and enter a different order. Whether Judge Finch erred in entering the particular order which he did enter is a question we are not called on to pass upon in this mandamus proceeding.

Rule 329–b does not in any way mention what the effect shall be where a motion for a new trial has been granted within the forty-five-day period therein provided. We should not presume that by some implication the provisions of Rule 329–b take away from the courts the inherent and plenary power which theretofore they had always exercised. Gulf, Colorado & Santa Fe Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A.L.R. 613; Davis v. Campbell, Tex.Civ.App., 319 S.W.2d 758; Harris County Investment Corp. v. Wiggins, Tex. Civ.App., 255 S.W.2d 304; Union City Transfer v. Kenna, Tex.Civ.App., 210 S. W.2d 431; Watson v. Williamson, Tex. Civ.App., 76 S.W. 793; Hume v. John B. Hood Camp Confederate Veterans, Tex. Civ.App., 69 S.W. 643.

It is significant that while Rule 329–b provides that a motion for new trial must be *determined* within the forty-five-day period, yet there are authorities holding that where an order is entered overruling a motion for a new trial within the forty-five-day period, the court thereafter retains jurisdiction for an additional period of thirty days, within which it may, upon its own motion or mo-

tion of a party, vacate, modify, correct or reform the same, or grant a new trial. Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; Pride v. Pride, Tex.Civ.App., 318 S.W.2d 715; Herrera v. Talbert, Tex.Civ.App., 316 S.W.2d 952; Turner v. Texas Sportservice, Inc., Tex.Civ.App., 312 S.W.2d 388; Sears, Roebuck & Co. v. Blackburn, Tex.Civ.App., 305 S.W.2d 791.

We do not regard the case of Winton v. Davenport, Tex.Civ.App., 275 S.W.2d 725, as being helpful here, as there apparently both the order granting the new trial and the order overruling the same were made within the forty-five-day period.

We are therefore convinced that under well established law Judge Finch had thirty days after the date of his order granting a new trial, to vacate, modify, correct or reform such order, and therefore Relators' application for a writ of mandamus is refused.

BARROW, J., did not participate in the decision of this case.