James DELANEY et al., Appellants,

v.

Rose E. ADKINS, Appellee.

No. 15693.

Court of Civil Appeals of Texas, San Antonio.

May 25, 1977.

William H. Price, San Antonio, for appellant.

Abraham D. Ribak, San Antonio, for appellee.

CADENA, Justice.

Defendants, Jack Delaney and Jack Wysoki, members of a partnership doing business as El Tropicano Motor Hotel, appeal from a judgment awarding plaintiff, Rose E. Adkins, $4,000.00 for injuries sustained by her when the doors of an elevator in defendants' hotel closed on her while she was attempting to enter the cab.

Plaintiff filed her suit on March 3, 1975, and defendants were served with citation on March 7. On March 31, no answer having been filed by defendants, the trial court entered an interlocutory default judgment in favor of plaintiff on the question of liability, reserving the question of damages for determination at a later hearing.

Defendants filed an answer at 8:59 A.M. on May 9, and on that same day the court entered a final judgment awarding plaintiff $8,235.00. Later on the same day defendants filed a motion for new trial.

An amended motion for new trial was filed on May 23 and on May 28 the court entered an order setting aside the interlocutory default judgment and the final judgment. On June 14 plaintiff filed a motion to set aside the order granting a new trial, and on June 24 she filed an amended motion seeking the same relief.

After a hearing, the trial court, on July 28, entered an order which (1) decreed that the "Order signed by the Court on May 28, 1975, in this cause wherein the Court set aside an Interlocutory Judgment signed and entered in this cause on March 31, 1975, and a Final Judgment signed and entered in this cause on May 9, 1975, should be, and the same is hereby set aside" and (2) ordered that the final judgment entered on May 9 be set aside.

On the same day, July 28, defendants filed a motion to set aside the order entered on July 28. On August 22 an order was entered which (1) denied defendants' motion to set aside the order of July 28; (2) set aside the final judgment rendered May 9; and (3) declared that the interlocutory default judgment rendered March 31 remain in effect.

On January 26, 1976, the case was tried to a jury, with the special issues submitted being restricted to the question of damages. Based on the jury findings relating to damages, a judgment awarding plaintiff $4,000.00 was entered on February 12. On that same day defendants filed a "second amended motion" to set aside the interlocutory default judgment entered on March 31, 1975. This motion, which also sought a new trial, was overruled on April 8, 1976, and defendants then perfected this appeal.

It appears from the face of the record that the order entered on July 28 which, in effect, reinstated the interlocutory default judgment, is a void order.

Rule 329b, § 3, Tex.R.Civ.P., requires that all motions and amended motions must be determined within 45 days. The 45-day period began on May 23, 1975, the date on which defendants filed their amended motion for new trial, and ended on July 7. The only action taken by the court during the 45-day period was the entry of the order dated May 28, granting a new trial. On July 7 the case stood upon the docket for trial. The order attempting to set aside the order granting a new trial was not entered until July 28, well after the expiration of the 45-day period. The order of July 28 does not purport to be a judgment or order rendered after another trial. In effect, the order of July 28 is one overruling defendants' motion for new trial some 66 days after it had been filed.

In *Fulton v. Finch*, 162 Tex. 855, 346 S.W.2d 823, 826–27 (1961), Justice Norvell said:[1]

> Here, the amended motion was determined within 45 days. It cannot be *un*determined after the 45-day period without destroying the rule. While there is a thirty-day provision contained in Rule 329–b, § 5 relating to judgments and orders overruling motions for new trial, there is no provision which can be construed as extending a trial judge's authority over a motion [sic] granting a new trial for an additional thirty-day period. An order granting a motion for new trial must be set aside, if at all, within the 45-day period set out in Rule 329–b, § 3.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> A judgment which discloses its invalidity upon its face anywhere at any time is a nullity and may be disregarded anywhere at any time.

Under the *Fulton* holding, the order attempting to reinstate the interlocutory default judgment was a nullity. On July 28 the trial court lacked power to set aside its order granting defendants a new trial. Therefore, at the second trial, all issues raised by the pleadings, including the issues relating to defendants' liability, were pending on the court's docket, and the trial court erred in limiting the second "trial" to the issues relating to damages.

The judgment of the trial court is reversed and the cause is remanded for new trial as to all of the issues.

---

1. The footnote contained in Justice Norvell's opinion has been omitted.