James and Sandra BEARD, Relators,

v.

Honorable Steve RUSSELL, Judge,
County Court at Law No. 2 of
Travis County, Texas, Respondent.

No. 3–87–209–CV.

Court of Appeals of Texas,
Austin.

Nov. 10, 1987.

Michael Curry, Bragg, Smithers & Curry, Austin, for relators.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for respondent.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

Relators, James and Sandra Beard, filed a motion for leave to file petition for writ of mandamus and tendered their petition pursuant to Tex.R.App.P.Ann. 121 (Supp. 1987). This Court granted the motion for leave to file and filed the petition. By their petition, relators seek a writ of mandamus to compel respondent, the Honorable Steve Russell, to set aside his order of October 7, 1987, and to enter an order directing payment from the real estate recovery fund, pursuant to Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8 (Supp.1987). The Texas Real Estate Commission is the real party in interest in the instant proceeding. We will conditionally grant the writ of mandamus.

Section 8 of article 6573a provides for a real estate recovery fund to be used to reimburse aggrieved persons who suffer actual damages because of certain acts committed by a licensed real estate broker or salesman. Part 3 of section 8 sets forth the prerequisites for payment from the fund and provides:

(d) The court shall make an order directed to the commission requiring payment from the real estate recovery fund of whatever sum it finds to be payable on the claim, pursuant to and in accordance with the limitations contained in this section, if the court is satisfied, on the hearing, of the truth of all matters required to be shown by the aggrieved person by Part 3(c) of this section and that the

aggrieved person has satisfied all of the requirements of Parts 3(b) and (c) of this section.

Section 8, part 8 places certain conditions and limitations on the above payments. Payments may be made only pursuant to a court order and in the prescribed manner; are limited to $20,000 for claims arising out of the same transaction, regardless of the number of claimants; and may not exceed $50,000 for claims based on judgments against any one licensed real estate broker or salesman.

Pursuant to the above provisions, relators filed their motion for order directing payment from real estate recovery fund in the county court at law of Travis County. The court had previously entered judgment in favor of relators and against Steve Zabawa, a licensed real estate broker, for actual damages in the amount of $9,394; additional damages of $18,788 and attorney's fees of $4,500. By their motion, relators sought a payment of $20,000, the maximum amount for claims arising out of the same transaction.

At the hearing on the motion, it was undisputed that relators met each of the statutory criteria of part 3. The Commission, in fact, did not deny liability to make payment but argued that payment should be delayed until other claims against Zabawa have been adjudicated. The Commission referred specifically to a cause, currently pending in the district court of Travis County, involving forty-four consumers who allege damages of $415,236.08. The Commission asserted that the court should consider all applications for payments at one time in order to apportion the maximum amount of $50,000 among all the claimants. The trial court then found that relators were entitled to recover $14,168 but deferred payment

until November 23, 1987 at which time all other claims against the fund resulting from the misconduct of Steve Zabawa which qualify for payment from the fund will be considered along with the [relators'] claim and the portion of the fund available for payment ($50,000.00)

will be divided among all such claimants in proportion to the size of their claim. This order underlies the petition for mandamus before this Court.

An appellate court may issue a writ of mandamus only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Strake v. First Court of Appeals*, 704 S.W.2d 746 (Tex. 1986); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). A trial court abuses its discretion when its determination is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. The relator who attacks the trial court's ruling must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). To find an abuse of discretion, this Court must conclude that the facts and circumstances of the case rule out any discretion in the matter.

In the instant proceeding, the facts and law permitted the court to make but one decision and it has not done so. The provision under which relators seek recovery provides that the court "shall" order payment of whatever sum the court finds payable upon sufficient proof that the aggrieved person meets the statutory criteria. The court expressly found that relators are entitled to $14,168 and that they have satisfied all of the article 6573a requisites. Upon such findings, part 3(d) allows no discretion. The provision is clear and unambiguous and mandates what the court must do upon application for payment from the real estate recovery fund. *State Bar of Tex. v. Heard*, 603 S.W.2d 829 (Tex. 1980).

Nevertheless, the Commission asserts that relators have no clear legal right to the $14,168 and that respondent had no clear duty to act. *Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306 (Tex.1981); *Dikeman v. Snell*, 490 S.W.2d 183 (Tex.

1973). The Commission argues that the court has discretion to determine the sum payable on a particular claim with regard to other claims known to the court. As in this proceeding, a claimant may not always recover the full amount awarded in an underlying judgment. The court must determine the amount payable by the Commission pursuant to and in accordance with the article 6573a limitations. Article 6573a limits recovery to actual damages unpaid on the judgment; limits claims, including attorney's fees, interest and court costs, arising from the same transaction to $20,000; and limits total claims against a single broker to $50,000. The amount of $14,168 to which relators are entitled includes actual damages of $9,394, attorney's fees of $4,500 and interest and exceeds neither the $20,000 nor the $50,000 maximum amounts. The Commission does not direct us to and we do not find a statutory basis for the limitation which the Commission proposes.

The Commission does suggest that apportionment of the $50,000 is within the purpose of article 6573a "to eliminate or reduce fraud that might be occasioned on the public by unlicensed, unscrupulous or unqualified persons." *Henry S. Miller Co. v. Treo Enterprises*, 585 S.W.2d 674 (Tex. 1979). The Legislature has, however, determined that the limitations of $20,000 per transaction and $50,000 per broker sufficiently further the statutory purpose. This Court may not redraft legislation because the Commission's version may arguably be more equitable to a greater number of persons. Because the statute is clear and unambiguous, we must give the statute its literal meaning. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814 (Tex.1983); *Armstrong v. Harris Cty.*, 669 S.W.2d 323 (Tex. App.1983, writ ref'd n.r.e.).

Accordingly, respondent had no discretion whether to enter an order directing payment pursuant to article 6573a, § 8 Part 3. It is within this Court's authority to issue a writ of mandamus to direct a county court to enter judgment where the undisputed facts support and require rendition of the one judgment. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961); *see also Proffer v. Yates*, 734 S.W.2d 671 (Tex.1987) (statute mandates transfer of child custody suit); *Heard*, 603 S.W.2d at 834 (statute mandates suspension of attorney).

Accordingly, we conditionally grant the writ of mandamus. This Court assumes that respondent will enter an order in compliance with this opinion and article 6573a. If he fails to do so, a writ of mandamus will issue.