# NO. 12-10-00058-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RITA MELISSA MCKEE MASSEY,* *INDIVIDUALLY AND AS SUCCESSOR* *TRUSTEE OF THE FRANK J. MASSEY* *REVOCABLE LIVING TRUST,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *ROBERT CHARLES MCKEE* *AND WAYNE LEE MASSEY,* *APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rita Melissa McKee Massey, individually and as successor trustee of the Frank J. Massey Revocable Living Trust, appeals from the trial court's judgment in Robert McKee's suit for fraud and money had and received. In five issues, Melissa contends the trial court lacked personal jurisdiction over her as trustee and erred in ordering a constructive trust, and, alternatively, she requests modification of the award. Because we agree the trial court never obtained personal jurisdiction over Melissa in her capacity as trustee, we dismiss the case against her as trustee of the Frank J. Massey Revocable Living Trust.

## BACKGROUND

On July 11, 2000, Martha Massey was the payee of a check for $1,049,564.45 as her share of a settlement arising out of diet drug litigation. However, Martha had died on May 29, 1999. Frank Massey, whom Martha had divorced on March 4, 1996, obtained the check. Frank

and Martha had three children, Wayne, Crystal, and Melissa. Apparently, Frank shared only a small portion of Martha's estate with their children.

Martha's oldest son, Robert, had not lived near the family for years. In 2006, he learned that Frank, who was not his father, had obtained control of Martha's estate. In 2008, Robert sued Frank and his three half-siblings, Wayne, Melissa, and Crystal, for fraud and money had and received to recover his interest in Martha's estate.

Frank died July 21, 2009. In September 2009, Robert filed his second amended petition omitting Frank as a defendant, retaining Wayne and Crystal as defendants, and naming Melissa, individually, as heir, beneficiary, and successor trustee of the Frank J. Massey Trust, as a defendant. After a short bench trial, the trial court signed a judgment ordering that Robert recover $276,366.11 from Melissa as successor trustee of the Frank J. Massey Revocable Living Trust and that Wayne recover $246,366.11 from Melissa as successor trustee of the Frank J. Massey Revocable Living Trust. The court also imposed a constructive trust on two tracts of land that were to be sold and ordered that a portion of the proceeds were to be applied to satisfy the indebtedness to Robert and Wayne. Additionally, the court ordered that Robert take nothing against Crystal.[1]

### JURISDICTION OVER TRUSTEE

In her first issue, Melissa contends the trial court erred in finding her liable as successor trustee of the Frank J. Massey Revocable Living Trust. She argues that since she was not served with process as trustee, and she made no appearance as trustee, the trial court lacked personal jurisdiction of her as trustee.

**Applicable Law**

Personal jurisdiction concerns the court's power to bind a particular person or party. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (orig. proceeding). For a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules. *See Perry v. Ponder*, 604 S.W.2d 306, 322 (Tex. App.–Dallas 1980, no writ). Generally, a trial court does not have jurisdiction to enter a judgment or order against a defendant unless the record shows proper service of citation on the

---

[1] Robert has not complained of the take nothing judgment in favor of Crystal. Therefore, we do not reach the merits of the trial court's ruling on that claim.

defendant or waiver of service by a general appearance by the defendant. TEX. R. CIV. P. 124; **Werner v. Colwell**, 909 S.W.2d 866, 869-70 (Tex. 1995). If the trial court renders a judgment without acquiring jurisdiction of the parties, the judgment is void. **Travelers Ins. Co. v. Joachim**, 315 S.W.3d 860, 863 (Tex. 2010). Whether a trial court has personal jurisdiction over a defendant is a question of law that the appellate court reviews de novo. *See **Am. Type Culture Collection, Inc. v. Coleman***, 83 S.W.3d 801, 805-06 (Tex. 2002).

## Analysis

There is no dispute that Melissa was properly served in her individual capacity. However, the judgment does not order Melissa to do anything in her individual capacity. Robert's second amended petition, in which he includes Melissa as a defendant in her capacity as successor trustee, states: "All Defendants have appeared herein and no service is necessary." Robert has not attempted to dispute the assertion that Melissa was not served in her capacity as trustee. Although Melissa appeared as a witness at trial, nothing in the record indicates she considered herself to be appearing as trustee. Nothing in the record indicates she waived her right to service of process. Thus, the trial court lacked personal jurisdiction over Melissa in her capacity as successor trustee of the Frank J. Massey Revocable Living Trust. *See **Werner***, 909 S.W.2d at 869-70. Accordingly, the portions of the trial court's judgment ordering that Robert and Wayne recover from Melissa in her capacity as trustee are void. *See **Joachim***, 315 S.W.3d at 863. We sustain Melissa's first issue.

In her second issue, Melissa contends the trial court erred in imposing a constructive trust because the judgment against her as trustee is void. We agree. A constructive trust is an equitable remedy created by the courts to prevent unjust enrichment. **Hubbard v. Shankle**, 138 S.W.3d 474, 485 (Tex. App.–Fort Worth 2004, pet. denied). A court cannot create a remedy in the absence of jurisdiction. *See **Werner***, 909 S.W.2d at 869-70. We sustain Melissa's second issue.

## DISPOSITION

Because Melissa was never served with process in her capacity as trustee of the Frank J. Massey Revocable Living Trust, the trial court did not have jurisdiction over her as trustee. Therefore, we *vacate* all portions of the judgment rendered against Melissa in her capacity as trustee. We *dismiss* the case against Melissa as trustee of the Frank J. Massey Revocable Living

3

Trust. *See* TEX. R. APP. P. 43.2(e); ***Fulton v. Finch***, 162 Tex. 351, 356, 346 S.W.2d 823, 827 (1961) (orig. proceeding) (If the trial court lacks jurisdiction, the appellate court only has jurisdiction to set the judgment aside and dismiss the cause.). We need not reach Melissa's remaining issues. *See* TEX. R. APP. P. 47.1.


<u>**JAMES T. WORTHEN**</u>
Chief Justice


Opinion delivered February 16, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


4