NO. 12-10-00058-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RITA MELISSA MCKEE MASSEY,             
§                   APPEAL FROM THE THIRD

INDIVIDUALLY AND AS
SUCCESSOR

TRUSTEE OF THE FRANK J.
MASSEY

REVOCABLE LIVING TRUST,

APPELLANT

            

V.                                                                      
§                   JUDICIAL DISTRICT COURT OF                        

 

 

ROBERT CHARLES MCKEE

AND WAYNE LEE MASSEY,

APPELLEES                                                   
§                   HENDERSON COUNTY, TEXAS  







MEMORANDUM
OPINION

            Rita
Melissa McKee Massey, individually and as successor trustee of the Frank J.
Massey Revocable Living Trust, appeals from the trial court’s judgment in
Robert McKee’s suit for fraud and money had and received.  In five issues, Melissa
contends the trial court lacked personal jurisdiction over her as trustee and
erred in ordering a constructive trust, and, alternatively, she requests
modification of the award.   Because we agree the trial court never obtained
personal jurisdiction over Melissa in her capacity as trustee, we dismiss the
case against her as trustee of the Frank J. Massey Revocable Living Trust.

 

Background

            On
July 11, 2000, Martha Massey was the payee of a check for $1,049,564.45 as her
share of a settlement arising out of diet drug litigation.  However, Martha had
died on May 29, 1999.  Frank Massey, whom Martha had divorced on March 4, 1996,
obtained the check.  Frank and Martha had three children, Wayne, Crystal, and
Melissa.  Apparently, Frank shared only a small portion of Martha’s estate with
their children.

Martha’s
oldest son, Robert, had not lived near the family for years.  In 2006, he
learned that Frank, who was not his father, had obtained control of Martha’s estate. 
In 2008, Robert sued Frank and his three half-siblings, Wayne, Melissa, and
Crystal, for fraud and money had and received to recover his interest in Martha’s
estate.  

Frank
died July 21, 2009.  In September 2009, Robert filed his second amended
petition omitting Frank as a defendant, retaining Wayne and Crystal as
defendants, and naming Melissa, individually, as heir, beneficiary, and
successor trustee of the Frank J. Massey Trust, as a defendant.  After a short
bench trial, the trial court signed a judgment ordering that Robert recover
$276,366.11 from Melissa as successor trustee of the Frank J. Massey Revocable
Living Trust and that Wayne recover $246,366.11 from Melissa as successor
trustee of the Frank J. Massey Revocable Living Trust.  The court also imposed
a constructive trust on two tracts of land that were to be sold and ordered
that a portion of the proceeds were to be applied to satisfy the indebtedness
to Robert and Wayne.  Additionally, the court ordered that Robert take nothing
against Crystal.[1]

 

Jurisdiction Over Trustee

In
her first issue, Melissa contends the trial court erred in finding her liable
as successor trustee of the Frank J. Massey Revocable Living Trust.  She argues
that since she was not served with process as trustee, and she made no
appearance as trustee, the trial court lacked personal jurisdiction of her as
trustee.

Applicable
Law

            Personal
jurisdiction concerns the court’s power to bind a particular person or party.  See
CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996) (orig.
proceeding).  For a trial court to have jurisdiction over a party, the party
must be properly before the court in the pending controversy as authorized by
procedural statutes and rules.  See Perry v. Ponder, 604 S.W.2d
306, 322 (Tex. App.–Dallas 1980, no writ).  Generally, a trial court does not
have jurisdiction to enter a judgment or order against a defendant unless the
record shows proper service of citation on the defendant or waiver of service
by a general appearance by the defendant.  Tex.
R. Civ. P. 124; Werner v. Colwell, 909 S.W.2d 866, 869-70
(Tex. 1995).  If the trial court renders a judgment without acquiring
jurisdiction of the parties, the judgment is void.  Travelers Ins. Co. v.
Joachim, 315 S.W.3d 860, 863 (Tex. 2010).  Whether a trial court has
personal jurisdiction over a defendant is a question of law that the appellate
court reviews de novo.  See Am. Type Culture Collection, Inc. v. Coleman,
83 S.W.3d 801, 805-06 (Tex. 2002). 

Analysis

            There
is no dispute that Melissa was properly served in her individual capacity. 
However, the judgment does not order Melissa to do anything in her individual
capacity.  Robert’s second amended petition, in which he includes Melissa as a
defendant in her capacity as successor trustee, states:  “All Defendants have
appeared herein and no service is necessary.”  Robert has not attempted to
dispute the assertion that Melissa was not served in her capacity as trustee. 
Although Melissa appeared as a witness at trial, nothing in the record
indicates she considered herself to be appearing as trustee.  Nothing in the
record indicates she waived her right to service of process.  Thus, the trial
court lacked personal jurisdiction over Melissa in her capacity as successor
trustee of the Frank J. Massey Revocable Living Trust.  See Werner,
909 S.W.2d at 869-70.  Accordingly, the portions of the trial court’s judgment ordering
that Robert and Wayne recover from Melissa in her capacity as trustee are
void.  See Joachim, 315 S.W.3d at 863.  We sustain Melissa’s
first issue.

            In
her second issue, Melissa contends the trial court erred in imposing a
constructive trust because the judgment against her as trustee is void.  We
agree.  A constructive trust is an equitable remedy created by the courts to
prevent unjust enrichment.  Hubbard v. Shankle, 138 S.W.3d 474,
485 (Tex. App.–Fort Worth 2004, pet. denied).  A court cannot create a remedy
in the absence of jurisdiction.  See Werner, 909 S.W.2d at
869-70.  We sustain Melissa’s second issue.

 

Disposition

            Because
Melissa was never served with process in her capacity as trustee of the Frank
J. Massey Revocable Living Trust, the trial court did not have jurisdiction
over her as trustee.  Therefore, we vacate all portions of the
judgment rendered against Melissa in her capacity as trustee.  We dismiss
the case against Melissa as trustee of the Frank J. Massey Revocable Living
Trust.  See Tex. R. App. P.
43.2(e); Fulton v. Finch, 162 Tex. 351, 356, 346 S.W.2d 823, 827
(1961) (orig. proceeding) (If the trial court lacks jurisdiction, the appellate
court only has jurisdiction to set the judgment aside and dismiss the cause.). 
We need not reach Melissa’s remaining issues.  See Tex. R. App. P. 47.1.  

 

 

                                                                        James T. Worthen

                                                                                 
Chief Justice

 

 

 

Opinion delivered February 16,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1]
Robert has not complained of the take nothing judgment in favor of Crystal. 
Therefore, we do not reach the merits of the trial court’s ruling on that
claim.