John POLLOCK, Appellant,

v.

Honorable Greer DOWELL, Tamera Ann Pollock and Carrie Ann Pollock, a minor, Appellees.

No. 20064.

Court of Civil Appeals of Texas, Dallas.

June 11, 1979.

Dennis Schwartz, Crowder & Mattox, Dallas, for appellant.

Craig Fowler, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

CARVER, Justice.

This is a proceeding on a petition for writ of mandamus in which relator asks that the Honorable Greer Dowell, Judge of the 302nd District Court in Dallas County, Texas, be commanded to rescind his order dismissing that part of a divorce suit relating to the conservatorship of the parties' minor child and to proceed to trial and final judgment in the cause. Two issues are presented. First, does the court of civil appeals have jurisdiction to issue mandamus? Second, did the trial court have jurisdiction of the conservatorship issue? We answer both issues in the affirmative, and we grant relator's petition for writ of mandamus.

John Pollock, relator, and Tamera Ann Pollock, respondent, were married in 1974. In 1978, relator filed a petition in the 302nd District Court of Dallas County for divorce and asked that he be named the temporary managing conservator of the parties' minor child. Respondent was served with process in Indiana where she was visiting her par-

ents. Faced with the prospect of divorce, she testified she then decided to remain in Indiana. Respondent answered the Texas suit and filed a cross-petition asking for a divorce and that she be appointed as the child's temporary managing conservator. The respondent did not file a special appearance under Tex.R.Civ.P. 120a.[1] In September, 1978, the Texas court entered an order appointing the respondent temporary managing conservator and relator temporary possessory conservator. In February, 1979, respondent filed in Indiana virtually the same suit as her Texas cross-petition. Relator moved to dismiss that suit and the Indiana court granted relator's motion on March 30, 1979. On March 23, 1979, respondent filed a motion in the Texas court to dismiss the issue in regard to conservatorship. The Texas court granted respondent's motion. It is the dismissal of the conservatorship issue that relator complains of in his petition for writ of mandamus.

With respect to the first issue, we find that this court does have jurisdiction to hear the petition for writ of mandamus. As a general rule, a court of civil appeals may issue a writ of mandamus to correct an order of the trial court refusing to take jurisdiction of a claim if that refusal was based on an erroneous theory of law. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961); *Boswell, O'Toole, Davis & Pickering v. Stewart*, 531 S.W.2d 380 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *McGregor v. Clawson*, 506 S.W.2d 922 (Tex.Civ.App.—Waco 1974, no writ); *Rushing v. Bush*, 260 S.W.2d 900 (Tex.Civ.App.—Dallas 1953, writ dism'd). Here, the trial judge dismissed the part of the case dealing with conservatorship. Tex.Fam.Code Ann. § 3.55(b) (Vernon 1975) clearly states:

> If the parties are parents of a child, as defined in Section 11.01 of this code, and the child is not under the continuing jurisdiction of any other court under Section 11.05 of this code, the suit for divorce, annulment, or to declare the marriage void, *must* include a suit affecting the

---

1. Since respondent failed to file a special appearance, she submitted herself to the jurisdic-

tion of Texas courts. *Webb v. Webb*, 582 S.W.2d 168 (Tex.Civ.App.—Beaumont, 1979).

parent-child relationship under Subtitle A, Title 2, of this code. [Emphasis added.]

Because it is undisputed that the parties are the parents of the child in question, the terms of this statute are clearly mandatory. Consequently, the conservatorship issue *must* be entertained by the trial court. The order of dismissal was based on the erroneous theory that the court had no jurisdiction over the child.

With respect to the second issue, respondent claims that section 3.55(b) is not applicable to this suit since the child no longer resides in Texas, but is now domiciled in the state of Indiana. Respondent's reliance on this theory is misplaced as the residence of the child is irrelevant when the suit affecting the parent-child relationship is initially filed as a part of the divorce action under section 3.55(b). *Brown v. Brown*, 566 S.W.2d 378, 380 (Tex.Civ.App.—Corpus Christi 1978, no writ). Moreover, the child was not a resident of Indiana at the time the suit was filed. By respondent's own admission, her residence in that state, and, consequently, the child's residence, was not established until after the date the original petition was filed and she was served with process. Since the Texas court had jurisdiction when the suit was filed, that jurisdiction could not be defeated by the subsequent actions of the parties.

In the present case we have no reason to suppose that the district judge will fail to reinstate the conservatorship issue for trial upon the receipt of this opinion. For this reason, a preemptory writ of mandamus will be issued only in the event that the trial judge should not proceed to trial as anticipated. The writ of mandamus is conditionally granted.