Cantey & Hanger, and Warren W. Shipman, III, Fort Worth, for relators.

Wade Adkins, City Atty. and Theodore P. Gorski, Jr., Asst., Fort Worth, for respondent.

Before HILL, FARRIS and KELTNER, JJ.

**SMITH SHOPPING CENTER, a General Partnership and Safeway Stores, Inc., Relators,**

v.

**The Honorable Sidney C. FARRAR, Jr., Respondent.**

No. 2–89–174–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 26, 1989.

OPINION

HILL, Justice.

This is an original mandamus proceeding in which Smith Shopping Center, a General Partnership, and Safeway Stores, Inc., relators, seek to mandamus the Honorable Sidney C. Farrar, Jr., Judge of the 153rd District Court of Tarrant County, to proceed to trial and accept evidence or an offer of proof in cause number 153–116466–88, styled Smith Shopping Center, A General Partnership, and Safeway Stores, Incorporated, vs. The City of Fort Worth, Texas.

As indicated by the style of that suit, the City of Fort Worth is the real party at interest.

The relators' suit in the trial court is a declaratory judgment action in which the relators seek a declaration that a paving assessment made by the City of Fort Worth against them was void because: (1) the city failed to give them the notice of a benefit hearing provided by section 9, article 1105b, TEX.REV.CIV.STAT.; (2) the city allegedly held no benefit hearing in connection with the particular ordinance in question; (3) the city's assessments violated article I, section 17 of the Texas Constitution and the Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use without just compensation in that no special benefits, or in the alternative, special benefits materially less than the amount of the assessment will be derived by plaintiffs and their assessed property from the work to be performed; (4) there was no substantial evidence to support the plan used by the city in determining the issue of special benefit; and (5) the notices of a benefit hearing contained the misrepresentation that assessments were based upon an appraisal conducted to determine the enhancement value to each property assessed.

In response, the city asks for declaratory judgment as to the validity of the assessments. The city presented to the trial court a plea to the jurisdiction based upon the relators' failure to file their suit within fifteen days from the day the assessment was levied. In response to the city's plea, the relators filed an "OFFER OF PROOF AND RESPONSE IN OPPOSITION TO PLEA TO THE JURISDICTION FILED BY DEFENDANT." In that instrument, the relators contended that the notice they received of the benefit hearing constituted an inadequate amount of time to prepare for such a hearing, and that the fifteen days given in which to file suit appealing from an assessment was an inadequate amount of time to prepare to file such a suit, since a reasonable time to prepare such a suit would be at least sixty days. They contended that the assessments are void, that the city did not comply with the notice provisions of TEX.REV.CIV.STAT. ANN. art. 1105b, sec. 9 (Vernon Supp. 1989), and that the fifteen day limitation period contained in section 9 of that statute is an unreasonable limitation period violating the open courts provisions of the Texas Constitution. They sought to present proof in support of these assertions.

The trial court found that the relators attended the benefit hearing in connection with the assessments of which they complain, and that they failed to institute the lawsuit within the fifteen day period required. The court held that the fifteen day time period does not violate the United States Constitution and is not an unreasonable denial of access to the courts in violation of the Texas Constitution. Finally, the trial court found that, because of the relators' failure to file suit within the required fifteen days, it would not determine nor consider any evidence as to whether the assessments are void or whether the city complied with the notice provisions of article 1105b, section 9. The court overruled the relators' motion for evidentiary hearing and gave the relators the opportunity to present this petition for writ of mandamus. The court indicated its intention to sustain the city's plea to the jurisdiction and dismiss the relators' petition without prejudice to their right to appeal.

■ Appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569, 572–73 (Tex.1984). In their brief, the relators rely on the cases of *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961) and *Pollock v. Dowell*, 583 S.W.2d 886 (Tex.Civ. App.—Dallas 1979, no writ) in support of their position that mandamus does lie to force the district court to trial when the district court declines to do so due to its determination that it lacks jurisdiction. The supreme court in *Fulton*, 346 S.W.2d at 829–30, held that mandamus lies to force the district court to trial even when there is an adequate remedy by appeal, because article 1734 TEX.REV.CIV.STAT.ANN., now TEX.GOV'T CODE ANN. sec. 22.002

(Vernon 1988), the statute dealing with the supreme court's mandamus jurisdiction, specifically lists compelling a district judge to proceed to trial as a ground for mandamus. The opinion in *Pollock* was based on *Fulton*.

At the time of the opinion in *Fulton*, the statute governing mandamus proceedings in the court of appeals contained the same language specifically authorizing mandamus to force the district court to trial. *See* TEX.REV.CIV.STAT.ANN. art. 1824, now TEX.GOV'T CODE ANN. sec. 22.221 (Vernon 1988). When conferring broader jurisdiction upon this court in mandamus cases in 1983, the Texas Legislature removed that specific language from the statute. *See* Act of June 19, 1983, ch. 839, sec. 3, 3 Tex.Sess.Laws 1983. The statute now provides that we "may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court in the court of appeals district." TEX.GOVT.CODE ANN. sec. 22.221(b).

■ Ordinarily, if a judge is refusing to proceed to trial, appeal would not be an adequate remedy because there would be no non-interlocutory order from which to appeal. In this case, the judge has indicated that if this mandamus is not granted, he will issue an order dismissing the underlying case for lack of jurisdiction, without prejudice to the right of appeal. The relators may complain of that order by appeal. We believe that the result in *Fulton* would have been different if it had been decided in a manner "agreeable to the principles of law regulating those writs," but without the specific statutory authority for the issuance of the writ in forcing a district court to trial. Because we no longer have that specific statutory language, we hold that, in courts of appeal, mandamus does not lie to force the trial court to trial, where, as here, the relators have an adequate remedy by appeal.

■ In addition to relying on *Fulton v. Finch* and *Pollock v. Dowell*, the relators contend in argument that appeal is not an adequate remedy because it involves a greater length of time than a mandamus action. Our supreme court has held that neither the delay in obtaining relief, nor the added cost of a trial and the appellate process, renders an appeal an inadequate remedy. *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

Because we find that mandamus does not lie since the relators have an adequate remedy by appeal, we deny relators' application for writ of mandamus.