**Mark METZGER, L.T. Bradt, and Joe A. Izen, Relators,**

v.

**The Honorable Solomon CASSEB, Jr. and the Honorable David West, Judge of the 269th District Court of Harris County, Texas, Respondents.**

No. 01–92–00987–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 1992.

L.T. Bradt, Houston, Joe A. Izen, Bellaire, for appellants.

William R. Pakalka, Nancy J. Locke, Jennifer Bruch Hogan, Edward J. Hennessy, Donald M. Hudgins, Sheryl Mulliken Fike, Donald B. Mcfall, Jim Barker, M. Karinne McCullough, Alan N. Magenheim, Houston, for appellees.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

SAM BASS, Justice.

Relators, Mark Metzger, L.T. Bradt, and Joe A. Izen, petition this Court for writ of mandamus and writ of prohibition to compel respondent, the Honorable Solomon Casseb, Jr., to hear their motion to recuse respondent, the Honorable David West, and in the interim, prohibit Judge West from taking any action relating to post-judgment proceedings.

On May 21, 1992, Judge West, after granting a motion for directed verdict in favor of the defendants in the underlying lawsuit, signed a final judgment, which is now before this Court on appeal. The judgment awarded monetary sanctions of $994,000 against relators and in favor of defendants below, which Judge West levied pursuant to TEX.R.CIV.P. 13. On June 16, 1992, relators filed a motion for new trial and motion to recuse Judge West from ruling on the motion for new trial and any further proceedings in the case. Judge West refused to recuse himself, and the motion to recuse was referred to Judge Casseb by the regional presiding judge of the second administrative district, Honorable Thomas Stovall.

---

Relators assert in their petition for writ of mandamus that the motion for new trial has been overruled by operation of law and do not request affirmative relief with regard thereto.

Judge Casseb denied the motion to recuse on the ground that he did not have jurisdiction because the appeal had been perfected in the underlying case.

Defendants have filed post-judgment discovery requests in the underlying cause, to which relators have objected. Relators request in their petition for writ of mandamus that Judge West be ordered to take no further action in this cause until the motion for recusal is heard. They further urge that Judge Casseb erred by ruling that he did not have jurisdiction to hear the motion for recusal. We agree.

 A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion. *Ayres v. Canales*, 790 S.W.2d 554, 556 (Tex.1990). Under TEX.R.CIV.P. 621a, trial courts have jurisdiction to rule on post-judgment discovery matters similar to the authority they have in pretrial matters. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex.1982). We hold that this includes the authority to rule on motions to recuse arisising during post-judgment proceedings.

Accordingly, we hold Judge Casseb abused his discretion when he denied, on the ground of lack of jurisdiction, relators' motion to recuse Judge West from any further proceedings in the case.

We ORDER the following relief:

(1) Judge West shall make no further orders and shall take no further action in the case until the motion to recuse is ruled on, "except for good cause stated in the order in which further action is taken," as provided in TEX.R.CIV.P. 18a(d).

(2) Judge Casseb's September 28, 1992 order denying relator's motion to recuse for lack of jurisdiction is vacated and set aside. Judge Casseb or another judge assigned by Judge Stovall shall hold a hearing on relator's motion to recuse, and rule on it.

*See Pollock v. Dowell,* 583 S.W.2d 886, 887 (Tex.Civ.App.—Dallas 1979, orig. proceeding) (a court of appeals may issue a writ of mandamus to correct an order of the trial court refusing to take jurisdiction of a claim if that refusal was based on an erroneous theory of law), citing *Fulton v. Finch,* 346 S.W.2d 823 (Tex.1961).

We are confident Judge West and Judge Casseb will carry out the above orders. The writs of mandamus and prohibition will issue only if they do not.