# NO. 12-21-00057-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF E.S.,* | § | *APPEAL FROM THE* |
| *A CHILD* | § | *COUNTY COURT AT LAW* |
|  | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

S.S. appeals the termination of his parental rights. In two issues, he argues that the trial court's jurisdiction expired before an extension was granted or a trial commenced, leaving the bench trial and Order of Termination void, and that, alternatively, the appeal should be abated and the case remanded to the trial court in order to comply with the Indian Child Welfare Act. We vacate the Order of Termination and dismiss the underlying case.

## BACKGROUND

E.J.[1] is the mother and S.S. is the father of E.S. On March 29, 2019, the Department of Family and Protective Services (the Department) filed an original petition for protection of E.S., for conservatorship, and for termination of E.J.'s and S.S.'s parental rights. On April 11, 2019, the trial court conducted a full adversary hearing and on April 16, 2019, signed a Temporary Order following the Adversary Hearing in which the Department was appointed temporary managing conservator of E.S., and the parents were granted limited access to, and possession of, the child.

At the conclusion of the trial on the merits on August 6, 2020, the trial court found, by

---

[1] At the conclusion of the trial on the merits on August 6, 2020, the trial court found, by clear and convincing evidence, that E.J. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between E.J. and E.S. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between E.J. and E.S. be terminated. The mother, E.J., is not a party to this appeal.

clear and convincing evidence, that S.S. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between S.S. and E.S. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between S.S. and E.S. be terminated. The order of termination was signed on January 20, 2021. This appeal followed.

**JURISDICTION**

In his first issue, S.S. argues that this suit should be dismissed because the dismissal deadline passed without an extension or trial, leaving the trial court without jurisdiction and rendering the ensuing bench trial and Order of Termination void. Thus, he contends, this Court should vacate the Order of Termination and dismiss the underlying case. The Department agrees.

## Standard of Review

Despite the Department's concession, we must analyze the jurisdictional question because subject-matter jurisdiction is a power that "exists by operation of law only, and cannot be conferred upon any court by consent or waiver." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (quoting *Federal Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943)); *In re X.A.F.*, No. 07-10-00443-CV, 2020 WL 2896533, at *1 (Tex. App.— Amarillo June 1, 2020, no pet.) (mem. op.). Whether a trial court possesses subject matter jurisdiction is a question of law we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *In re X.A.F.*, 2020 WL 2896533, at *1; *In re T.B.*, 497 S.W.3d 640, 644 (Tex. App.—Fort Worth 2016, pet. denied).

## Applicable Law

Because this termination suit was filed after September 1, 2017, the current version of Section 263.401 of the Texas Family Code applies to this case. *See In re A.M.*, No. 07-19-00391-CV, 2020 WL 1174579 at *1 (Tex. App.—Amarillo Mar. 11, 2020, no pet.) (mem. op.). Section 263.401(a) of the Texas Family Code provides that

> [u]nless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that

2

requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

TEX. FAM. CODE ANN. § 263.401(a) (West Supp. 2020).

In other words, a trial court automatically loses jurisdiction over a termination of parental rights case brought by the Department if the court does not commence a trial on the merits or grant an extension by the dismissal deadline. *In re Z.S.,* No. 14-19-00891-CV, 2020 WL 2037202, at *3 (Tex. App.—Houston [14 Dist.] Apr. 28, 2020, no pet.) (op.). If the trial court fails to commence the trial on time, "the court's jurisdiction over the suit ... is terminated and the suit is automatically dismissed without a court order." TEX. FAM. CODE ANN. § 263.401(a); *In re G.X.H.*, 584 S.W.3d 543, 546 (Tex. App.—Houston [14th Dist.] 2019, no pet.) *judgment rev'd by In re G.X.H.*, __S.W.3d__, No. 19-059, 2021 W.L. 1704234, at *10 (Tex. Apr. 30, 2021) ("[T]he trial court in a parental termination case automatically loses jurisdiction if the trial on the merits does not begin by the deadline imposed by [S]ection 263.401(a) of the Texas Family Code.").

Further, Section 263.401(b) states

[u]nless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);
(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and
(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(b) (West Supp. 2020).

The failure to enter a written order or to specifically set a dismissal date does not affect the validity of a trial court's extension such as to deprive it of jurisdiction. *In re J.-R.A.M.*, No.

10-20-00221-CV, 2020 WL 7866877, at *3 (Tex. App.—Waco Dec. 30, 2020, pet. denied) (mem. op.). Section 101.026 of the Texas Family Code permits trial courts to render orders orally in the presence of the court reporter or in writing on its docket sheet or by a separate written instrument. *See* TEX. FAM. CODE ANN. § 101.026 (West 2019); ***In re G.X.H.***, 2021 WL 1704234 at *6. Thus, an oral rendition of an extension is sufficient to comply with the Family Code. *See, e.g.*, TEX. FAM. CODE ANN. § 263.401(b) (trial court shall "render" an order); ***In re J.-R.A.M.***, 2020 WL 7866877, at *3.

**Analysis**

On April 11, 2019, the trial court conducted a full adversary hearing and on April 16, signed a Temporary Order following the Adversary Hearing in which the Department was appointed temporary managing conservator of E.S. In a permanency report to the court, the Department stated that the dismissal date for the suit was March 30, 2020. We note, however, that the dismissal date should have been on the "first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator," or April 20, 2020. *See* TEX. FAM. CODE ANN. § 263.401(a).

On January 30, 2020, the trial court held an initial permanency hearing that noted that the dismissal date for this suit was March 30, 2020, and that a trial on the merits was set for March 5, 2020. On May 5, 2020,[2] the trial court signed an order retaining this suit on the court's docket, at least ten days after the dismissal deadline passed. At that time, the trial court also set the suit for trial on June 25, 2020 and set the new dismissal date for September 28, 2020.

---

[2] In the First Emergency Order regarding the COVID-19 State of Disaster, 596 S.W.3d 265 (Tex. 2020), issued by the Supreme Court of Texas on March 13, 2020, Paragraph 2 stated that "all courts in Texas may in any case, civil and criminal—and must to avoid risk to court staff, parties, attorneys, jurors and the public—without a participant's consent:

> a.    Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted . . . .

*Id*. The First Emergency order stated that it expired on May 8, 2020. *Id*. In the Third Emergency Order regarding the COVID-19 State of Disaster, 596 S.W.3d 266, 267 (Tex. 2020), issued by the Supreme Court of Texas on March 19, 2020, Paragraph 2(b) stated that with respect to the First Emergency Order issued March 13, 2020 "Paragraph 2(a) of the Order applies to all proceedings under Subtitle E, Title 5, of the Family Code, and specifically to the deadlines in Section 263.401, which may or must be modified or suspended, as clearly stated in the Order, to avoid the risks of disaster and still protect the interests of all involved in these difficult circumstances." *Id*. The Third Order also expired on May 8, 2020. *Id*. The record does not indicate that the trial court modified or suspended any of the deadlines applicable to this case. Nor did any of the parties present the emergency orders as grounds for extending the dismissal deadline before its expiration.

Here, there is no question that the trial court did not commence a trial on the merits by the dismissal deadline of either March 30, 2020, or April 20, 2020. There is no notation of an order to retain the suit on the trial court's docket or any record showing that the trial court orally rendered a valid extension order before the trial court's stated dismissal date of March 30, 2020, or the April 20, 2020, dismissal date pursuant to Section 263.401(a). *See id.* § 101.026; *In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *8 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.) (op.). Rather, the first record indication of the trial court's compliance with the extension requirement of subsection (b) is the May 5, 2020, order. While the order appears to include the findings required for an extension as well as the additional orders specified by subsection (b), it was signed after the passage of the one-year period of subsection (a). *See In re A.M.*, 2020 WL 1174579, at *3.

As such, the trial court automatically lost jurisdiction over the Department's underlying suit after April 20, 2020, pursuant to Section 263.401(b). *In re X.A.F.*, 2020 WL 2896533, at *1. An order resulting from judicial action that is rendered after the trial court loses jurisdiction is void. *See In re A.F.*, 2019 WL 4635150, at *10 (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 218 (Tex. App.—Fort Worth 2017, no pet.)); *In re H.F.*, No. 02-16-00347-CV, 2016 WL 6706324, at *3 (Tex. App.—Fort Worth Nov. 14, 2016, no pet.) (mem. op.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void"). A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012).

Moreover, once a trial court loses jurisdiction following the automatic dismissal of Section 263.401, jurisdiction cannot be revived through a subsequent order. *See In re K.B.*, No. 09-19-00239-CV, 2019 WL 6598618, at *3 (Tex. App.—Beaumont Dec. 5, 2019, no pet.) (mem. op.) (citing *In re G.X.H.*, 584 S.W.3d at 549-50). Therefore, the Order of Termination is void for lack of jurisdiction. *See In re A.F.*, 2019 WL 4635150, at *10; *In re K.B.*, 2019 WL 6598618, at *3.

We conclude the trial court's Order of Termination signed on January 20, 2021, is void and without effect. *See In re X.A.F.*, 2020 WL 2896533, at *2. When appeal is taken from a

void judgment, the appellate court has no jurisdiction to consider the merits of the appeal but has jurisdiction to declare the judgment void and dismiss the case. *In re A.M.*, 2020 WL 1174579, at *3; *In re X.A.F.*, 2020 WL 2896533, at *2. Accordingly, we vacate the trial court's Order of Termination and dismiss the underlying case. Because resolution of this issue disposes of the appeal, we need not address S.S.'s remaining issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We *vacate* the trial court's Order of Termination signed on January 20, 2021, and *dismiss* the Department's underlying termination suit.[3]

**BRIAN HOYLE**
Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Even though E.J. does not appeal, the entire Order of Termination is void for lack of jurisdiction, and the underlying case is dismissed even as to her. *See Fulton v. Finch*, 162 Tex. 351, 360, 346 S.W.2d 823, 830 (Tex. 1961), *overruled on other grounds*, *Smith Shopping Ctr. v. Farrar*, 779 S.W.2d 132, 133-34 (Tex. App.—Fort Worth 1989, no pet.) ("anomalous" that order void on its face must be appealed from before treated as a nullity and disregarded); *City of Marshall v. Gonzales*, 107 S.W.3d 799, 805 (Tex. App.—Texarkana 2003, no pet.) (order void on its face may be appealed, but need not be to prove its invalidity); *Dempsey v. Gibson*, 105 S.W.2d 423, 427 (Tex. Civ. App.—Waco 1937, writ dismissed) (parties cannot confer jurisdiction by failure to appeal).

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-21-00057-CV**

**IN THE INTEREST OF E.S., A CHILD**

Appeal from the County Court at Law
of Anderson County, Texas (Tr.Ct.No. CCL-19-16390)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the **Order of Termination** of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the **Order of Termination** signed January 20, 2021, be **vacated** and the underlying case be **dismissed** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*